MOFFET *v.* MOFFET.

DIVORCE—ALIMONY—NONSUPPORT—CRUELTY.

A decree of divorce to plaintiff wife on the grounds of
nonsupport and cruelty, awarding to her less than $1,500
of defendant's property, and providing that he pay $2
per week to assist in the support of a minor child, *held*,
justified by the proofs.[1]

Appeal from Muskegon; Vanderwerp (John), J.
Submitted April 17, 1925.     (Docket No. 126.)     De-
cided May 14, 1925.

Bill by Elizabeth Moffet against Bruce Moffet for
a divorce.     From a decree for plaintiff, defendant
appeals.     Affirmed.

*Cross, Foote & Sessions,* for plaintiff.

*Irving H. Smith,* for defendant.

SHARPE, J.   At the conclusion of the hearing the
trial judge filed the following opinion:

"In this case there was ample proof that shows
plaintiff entitled to a divorce.   These parties were
twice married, Mrs. Moffet having obtained a divorce
in June, 1906.   They had a large family of children,
and I believe largely on their account Mrs. Moffet re-
married the defendant in May, 1907.   Since that time
he has failed to support his family, being shiftless,
and, in my opinion, lazy.   He was secretive as to his
property.   He dealt in tax titles, while allowing his
own land to become delinquent for nonpayment of
taxes.   He testified he had never earned to exceed
$500 per year in his life, although he appears to have
been a man of some education, having in an early day

---

[1]Divorce, 19 C. J. §§ 367, 776, 817.

taught school in Illinois, his other occupation being that of a carpenter.

"A divorce will be granted to Mrs. Moffet for non-support and cruelty.

"The property matters are difficult to dispose of, but, after considering the entire matter, having in mind it will be up to the plaintiff largely to support the youngest child, 11 years old, in my opinion she should have all the property except lots 7 to 12 of block 2, which contains the shack or building in which defendant makes his home. The defendant will also pay an additional sum of $2 per week to assist in the support of the child. The other property will not be any too much to allow to the plaintiff for her share and for what she will have to do in the way of assistance towards the support of the youngest child. Defendant will be required to pay an attorney fee of $60, less such amount as has already been paid therefor."

A reading of the record satisfies us that the conclusion reached by him was fully justified by the proofs. The value of the real estate which plaintiff secures, over and above the incumbrances thereon, is less than $1,500. A part of this had been purchased with moneys awarded her in the former decree. The court retained jurisdiction to make such further order with reference to the minor child and her maintenance as changed circumstances may warrant.

The decree is affirmed, with costs to appellee.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.